IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPHEL FOLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2190-D |
| | § | |
| STATE OF TEXAS, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action brought by Ralphel Foley, an inmate in the TDCJ-ID, seeking an order requiring a Texas appeals court to grant him an out-of-time appeal so he can exhaust his state remedies before challenging his state criminal conviction in federal court.  On November 22, 2006, petitioner tendered a *pro se* complaint to the district clerk.  He subsequently filed an application to proceed *in forma pauperis*.  Because the information provided by petitioner in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.  The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

In August 2006, petitioner was convicted on state drug charges and sentenced to eight years

confinement.  Although petitioner allegedly told his attorney that he wanted to appeal his conviction,

no appeal was filed.  Realizing that he must exhaust his state remedies before seeking federal habeas

relief, petitioner brings this action to compel the Texas court of appeals to grant him an out-of-time

appeal.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from
            such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-*

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present

defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Petitioner seeks an order compelling a Texas appeals court to grant him an out-of-time appeal so he can exhaust his state remedies before challenging his state criminal conviction in federal court. Such relief is in the nature of mandamus. However, a federal court cannot direct a state court or judicial officer to perform an official act where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973), *citing Lamar v. 118th Judicial District Court*, 440 F.2d 383 (5th Cir. 1971); *Bagley v. Francis*, No. 3-02-CV-1199-L, 2002 WL 31261040 at *1 (N.D. Tex. Oct. 7, 2002). The court therefore concludes that this claim is without an arguable basis in law and should be summarily dismissed.[1]

## **RECOMMENDATION**

Petitioner's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Although petitioner may be precluded from challenging his conviction on direct appeal, he still may seek state post-conviction relief pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985) (citing cases) (Texas inmate who, in directly appealing his conviction, bypasses the Texas Court of Criminal Appeals, may exhaust state remedies by raising his claims through collateral review provided by state habeas procedures).

DATED:  January 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE